March 8, 2010

Richard S. Nichols, Esquire
Gennet, Kallmann, Antin & Robinson, P.C.
6 Campus Drive
Parsippany, New Jersey 07054

Allen I. Gorski, Esquire
Teich Groh
691 State Highway 33
Trenton, New Jersey 08619

           Re: Morris Korman
              Case No. 08-10614

Counselors:

  On February 26, 2010, Judge Wolfson issued an opinion on an appeal from a final Order of the Bankruptcy Court dated May 26, 2009 ("Remand Opinion"). Judge Wolfson vacated the May 26th order and remanded the case to the bankruptcy court. The following is the Bankruptcy Court's resolution of the matter on remand.

  The bankruptcy court clerk closed the case of Morris Korman on June 11, 2008. On April 2, 2009, Lumber Mutual Insurance Company filed a motion to reopen the case for the purpose of filing a nondischargeability complaint. The Bankruptcy Court held hearings on the motion to reopen on April 27 and May 26, 2009. At the end of the May 26th hearing, the Court orally denied the motion and entered the standard order.

In the Remand Opinion, Judge Wolfson found that: "To the extent that the Bankruptcy Court's decision rested on the determination that Creditor's request for dischargeability was untimely, such determination was erroneous." *Remand Opinion* at 10. This court's decision did not rest on a determination that the request was untimely; the decision rested on the determination that the creditor was unjustifiably dilatory in making the request to reopen. The bankruptcy court's discussion of the strict timelines for filing a nondischargeability complaint were intended to place Lumber Mutual Insurance Company's unexplained laxity in context, not to suggest that Lumber Mutual Insurance Company was bound by a fixed deadline. To that end, the court stated:

> [Lumber] didn't make a decision to file a Motion until February 23rd and the Motion itself was not filed until April 2nd, well over the 90 days that would have been afforded if notice had been sent on a standard basis from the BNC. That's simply not acceptable.

*Transcript of May 26, 2009 hearing* at 14:1-5. In its appellate brief, Lumber argued that the bankruptcy court decision was wrong because "no deadline, nor any circumstances implying some urgency or a need for the proverbial 'race to the courthouse' existed." On that logic, Lumber could have waited for 10 years before it filed a motion to reopen the case to file its nondischargeability complaint and the court would be compelled to grant it because there is no fixed deadline for filing complaints when a creditor was not listed in the schedules. That logic is inconsistent with § 350, § 523(a)(3)(B) and general bankruptcy jurisprudence.

Section 350(b) makes the bankruptcy judge the gatekeeper who decides which cases should or should not be reopened. Creditors who seek to have a case reopened must demonstrate cause. The burden of demonstrating circumstances sufficient to justify reopening a case is on the moving party. In re Caravona, 347 B.R. 259, 263 (Bankr. N.D. Oh. 2006). In this case, the court found that Lumber had not sufficiently demonstrated why it did not file its motion to reopen in the almost six,

perhaps thirteen months after it became aware of the bankruptcy filing. The bankruptcy court pointed out that had Lumber been listed at the correct address, it would only have been given approximately 90 days to file a complaint. *Fed. R. Bankr. Pro*. 4007©. Even creditors who were not properly scheduled in the petition but who find out about the bankruptcy before the Rule 4007© deadline expires are expected to comply with that strict time frame. *See, e.g.,* Herman v. Bateman (In re Bateman), 254 B.R. 866, 874-75 (Bankr. D. Md 2000) (notice received twenty-six days prior to complaint bar date sufficient); Grossie v. Sam (In re Sam), 894 F.2d 778, 781-82 (5th Cir. 1990) (eighteen days' notice sufficient). It was against that backdrop that the court found that Lumber's leisurely approach to filing a complaint was unjustified. Even Rule 4007(b), which provides that complaints other than those under § 523© may be filed at any time, envisions that if the case is closed that it will have to be reopened. That brings the analysis full circle to § 350(b), which requires a creditor to establish cause for reopening. If no cause had to be shown if the purpose of the reopening is to file a complaint under § 523(a)(3)(B) then § 350 or Rule 4007 could so provide.

Nonetheless, this Court must address the defense of laches. In its Remand Opinion the District Court stated that: "Absent the application of the doctrine of laches, there is simply no legal support for a finding that unreasonable delay in filing a motion to reopen upon notice of a debtor's bankruptcy proceeding warrants denial of a motion to reopen when the underlying adversary complaint is otherwise timely under § 523(a)(3)(B) and Rule 4007(b)." *Remand Opinion* at 13. That a showing of laches is required is now the law of the case. In In re Smith, 582 F.3d 767 (7th Cir. 2009) the court noted that when creditors are not given timely and sufficient notice of a bankruptcy to permit them to timely file complaints to determine dischargeability, Rule 4007(b) allows them to file such complaints at any time. Nonetheless, "[l]aches might be a defense to a

complaint filed long after an unscheduled creditor learns of the debtor's bankruptcy." Smith at 780. The affirmative defense of laches "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Kansas v. Colorado, 514 U.S. 673, 687 (1995). As addressed above, this Court is of the opinion that Lumber did not act diligently in bringing its motion to reopen. The Court did not, however, directly address any resulting prejudice to the Debtor. In its oral opinion denying the motion to reopen, the Court cited In re Grillo, 212 B.R. 744 (Bankr. E.D.N.Y. 1997), a case in which the court found that no cause had been demonstrated to extend the deadline to file a complaint objecting to the debtor's discharge. The Grillo court noted that the deadlines in the Federal Rules of Bankruptcy Procedure "are to be interpreted strictly and in a manner consistent with the Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case." Taylor v. Freeland & Kronz, 938 F.2d 420 (3d Cir.1991), *aff'd*, 503 U.S. 638 (1992). The court noted that Rule 4004 (and Rule 4007) had been enacted to circumscribe the flexibility that bankruptcy courts previously had to extend the time to file § 523 and § 727 complaints. Despite that, some courts have interpreted the "any time" language in Rule 4007(b) to obliterate those concerns and to require a debtor to show a heightened level of prejudice before it can assert a laches defense. For example, in In re Beaty, 306 F.3d 914 (9th Cir. 2002) the court held:

> On balance, we believe that the best reading of § 523(a)(3)(B) and Rule 4007(b) is that laches is available as a defense. At the same time, we read those provisions as directing bankruptcy courts to be especially solicitous to § 523(a)(3)(B) claimants when laches is invoked, and to refuse to bar an action without a particularized showing of demonstrable prejudicial delay. Just as there is a strong presumption that a delay is reasonable for purposes of laches when a specified statutory limitations period has not yet lapsed, there should be a similar presumption in § 523(a)(3)(B) cases. A party asserting laches as a defense to a complaint filed under § 523(a)(3)(B) must make a heightened showing of extraordinary circumstances and set forth a compelling reason why the action should be barred.

Id. at 926.  Even if this Court were to reject the heightened showing standard of the Ninth Circuit, all courts require a particularized showing of prejudice to support a laches defense. *See, e.g.,* United States v. Admin. Enter., Inc., 46 F.3d 670, 673 (7th Cir. 1995) (finding no prejudicial delay where alleged harm was "entirely hypothetical"); Meyers v. Asics Corp., 974 F.2d 1304, 1308 (Fed. Cir.1992) ("Defendants also argue that they suffered evidentiary prejudice-loss of key witnesses and loss of documentary evidence. However, none of the defendants state exactly what particular prejudice it suffered from the absence of these witnesses or evidence. Conclusory statements that there are missing witnesses, that witnesses' memories have lessened, and that there is missing documentary evidence, are not sufficient.").  The current record does not support a finding of specific prejudice to the Debtor.  Accordingly, the Court must grant the motion to reopen.  The standard order reopening the case will be entered by the Court and the complaint must be filed within 20 days.

    */s/ Kathryn C. Ferguson*
    KATHRYN C. FERGUSON
    US Bankruptcy Judge